## SOLOMON E. HOPKINS *vs.* NOBLE MAXWELL.

### Lincoln.    Opinion January 19, 1898.

*Conditional Sales. Record. R. S., c. 111, § 5; Stat. 1891, c. 11; Stat. 1895, c. 32.*

Where a written agreement dated August 23, 1894, was a conditional sale of personal property, operating a transfer of title if the payments specified in it were made, and until payment was made the vendor retained the title,—no note having been given for the purchase money, nor any express promise of payment made,—*held;* that the agreement was not required to be recorded under the statute existing at its date. (R. S., c. 111, § 5, as amended by stat. of 1891, c. 11.)

*Held;* that under the Stat. of 1895, c. 32, an instrument like the above would not be valid, except as between the original parties, unless recorded.

ON REPORT.

The case is stated in the opinion.

*L. M. Staples,* for plaintiff.

*C. D. Newell,* for defendant.

The paper must be construed to be a mortgage and therefore should have been recorded. R. S., c. 111, § 5; *Hill* v. *Nutter,* 82

Maine, 199. It contains all the elements of a Holmes note, viz: the parties, a fixed and definite sum, and an agreement that the property shall remain the seller's until the conditions are fulfilled. If a conditional sale, yet as to bona fide purchasers, it was valid. *Rogers* v. *Whitehouse*, 71 Maine, 222; Benj. on Sales, p. 28; Story, Cont. § 804. A person cannot rent anything under a lease and at same time own it. Benj. on Sales, §§ 452, 457.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

STROUT, J. The rights of the parties depend upon the true construction of the following paper:

"Cooper's Mills, Aug. 23, 1894.

Know all men by these presents that I, S. E. Hopkins, this day leased to Weston Darling two team horses, about 13 hundred lbs., color one dark bay, the other red, valued at one hundred and twenty-five dollars. The condition of this lease is such that said Darling is to keep said horses in good condition, and is to have said horses providing he pays said S. E. Hopkins one hundred dollars and interest, twelve dollars every week in cash or grain at the going or market price until the whole sum is paid in full, if said Darling fails in making his payments or any of them, said Hopkins may take said horses and said Darling forfeits what he has paid or may pay and said Darling is not to dispose of said horses in any way until this lease is satisfied, furthermore if said Darling fails in keeping and using said horses well, said Hopkins may take said horses without trespass.

Weston Darling."

Darling sold the horses to defendant, and the plaintiff brings trover. The purchase price was not paid. The jury returned a verdict by consent for eighty-two dollars and sixty cents, and the case was reported to this court for a construction of the paper. It was not denied that defendant converted the horses to his own use.

Defendant claims that the agreement is within R. S., c. 111, § 5, which, as amended by chap. 11 of the laws of 1891, provides

that "no agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid, is valid, unless it is made and signed as a part of the note; and no such agreement, although so made and signed, is valid, except as between the original parties to said agreement, unless it is recorded like mortgages of personal property." The paper was not recorded.

The statute applies only to cases where a note is given for the purchase money, or an express promise of payment, equivalent to a note. This transaction was a conditional sale, to operate a transfer of title, if Darling made the payments as specified. No element of a note appears. Darling made no promise of payment. No action could be brought against him for the purchase money. He had the option to pay the price and acquire title to the horses, or not. If he did not pay, he never would acquire title. He was not bound to make the payments. True, no rent was reserved; but as Darling was to keep the horses, and lost all right of possession if he failed to make his weekly payments, Hopkins run little or no risk. No title was to pass to Darling until he had made full payment. This agreement was not within the statute. No record was necessary. *Morris* v. *Lynde*, 73 Maine, 89. There is nothing in *Rogers* v. *Whitehouse*, 71 Maine, 222, cited by defendant, in conflict with this. In *Hill* v. *Nutter*, 82 Maine, 199, the agreement contained an express promise of the purchaser to pay the price, and it was rightly held to be within the statute. So in *Nichols* v. *Ruggles*, 76 Maine, 25, the agreement contained an express promise to pay. This element is wanting in the case at bar.

Under chap. 32 of the laws of 1895, an instrument like this would not be valid, except as between the original parties, unless recorded. But this later statute does not apply to this case.

According to the agreement of parties, there must be

*Judgment for plaintiff for $82.60,*
*and interest from date of verdict.*